**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| MYA THOMAS O/B/O HER MINOR CHILD, | No. 2:16-cv-00177-MKD |
|---|---|
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | ECF Nos. 15, 17, 21 |
| Defendant. | |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 15, 17, 21.[1] The parties consented to proceed before a

---

[1] Plaintiff filed a Motion for Summary Judgment. ECF No. 15. In response, Defendant moved to strike Plaintiff's brief for failure to conform to the local rules. ECF No. 17 at 3. Plaintiff then moved for leave to file an over-length brief, ECF No. 19, which the Court granted, ECF No. 20. Plaintiff subsequently filed a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

magistrate judge. ECF No. 4. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion (ECF No. 21) and denies Defendant's motion (ECF No. 17).

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a

---

second Motion for Summary Judgment, ECF No. 21, which is substantively identical to ECF No. 15. The Court, therefore, denies Plaintiff's first Motion for Summary Judgment, ECF No. 15, as moot.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**THREE-STEP PROCESS FOR CHILDHOOD DISABILITY**

To qualify for Title XVI supplement security income benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The regulations provide a three-step process to determine whether a claimant

satisfies the above criteria. 20 C.F.R. § 416.924(a). First, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." 20 C.F.R. § 416.924(c). Finally, if the ALJ finds a severe impairment, she must then consider whether the impairment "medically equals" or "functionally equals" a disability listed in the "Listing of Impairments." 20 C.F.R. § 416.924(c)-(d).

If the ALJ finds that the child's impairment or combination of impairments does not meet or medically equal a listing, she must determine whether the impairment or combination of impairments functionally equals a listing. 20 C.F.R. § 416.926a(a). The ALJ's functional equivalence assessment requires her to evaluate the child's functioning in six "domains." These six domains, which are designed "to capture all of what a child can or cannot do," are as follows:

 (1) Acquiring and using information:

 (2) Attending and completing tasks;

 (3) Interacting and relating with others;

 (4) Moving about and manipulating objects;

 (5) Caring for self; and

 (6) Health and physical well-being.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

20 C.F.R. § 416.926a(b)(1)(i)-(vi). A child's impairment will be deemed to functionally equal a listed impairment if the child's condition results in a "marked" limitations in two domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). An impairment is a "marked limitation" if it "interferes seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). By contrast, an "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

## ALJ'S FINDINGS

Plaintiff applied for Title XVI supplemental security income benefits on September 12, 2012, on behalf of her minor child, alleging a disability onset date of August 3, 2007. Tr. 263-71. The Plaintiff's application was denied initially, Tr. 120-29, and on reconsideration, Tr. 130-40.[2] A prior hearing was held before an Administrative Law Judge (ALJ) on July 16, 2013, however, it was not recorded due to technical errors and therefore is inadmissible as evidence. Tr. 12. Due to the technical error, a second hearing was held on October 8, 2013. Tr. 12; Tr. 41-94. On November 4, 2013, the ALJ denied Plaintiff's claim. Tr. 141-63.

---

[2] Plaintiff is seeking benefits on behalf of her minor child. This opinion will refer to Plaintiff as the minor child seeking benefits.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

The Appeals Council remanded the order, and directed the ALJ to "further evaluate the claimant's impairments under the six domains of functioning, and provide rationale with references to supporting evidence for each of the domains … and give further consideration of the claimant's mother's testimony." Tr. 12 (internal citations omitted).  Plaintiff's mother appeared at another hearing before an Administrative Law Judge (ALJ) on August 19, 2014.  Tr. 95-119.  On November 4, 2014, the ALJ denied Plaintiff's claim.  Tr. 9-34.

At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 12, 2012, the date the application was filed.  Tr. 15.  At step two, the ALJ found Plaintiff has the following severe impairments: attention deficit hyperactivity disorder (ADHD); and articulation disorder.  Tr. 15.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1.  Tr. 16.  The ALJ then determined Plaintiff does not have an impairment or combination of impairments that functionally equals the severity of the listings.  Tr. 17.  As a result, the ALJ concluded that Plaintiff has not been disabled, as defined in the Social Security Act, since September 12, 2012, the date the application was filed.  Tr. 29.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

On April 7, 2016, the Appeals Council denied review, Tr. 1-6, making the Commissioner's decision final for purposes of judicial review. *See* 42 U.S.C. 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying his supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 21. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly determined that Plaintiff's impairments did not meet the Listing Requirements;
2. Whether the ALJ erred at Step 2; and
3. Whether the ALJ properly weighed the medical opinion evidence.

ECF No. 21 at 4.

## DISCUSSION

**A. Listing Requirements**

First, Plaintiff contends that the ALJ erred by failing to find that Plaintiff suffered marked limitations in attending and completing tasks. ECF No. 21 at 5-17. Plaintiff further argues that in failing to find a marked limitation, the ALJ failed to appropriately weigh medical evidence. *Id.*

The ALJ is responsible for deciding functional equivalence after consideration of all evidence submitted. 20 C.F.R. § 416.926a(n). The
ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

Regulations list the information and factors that will be considered in determining whether a child's impairment functionally equals a Listing. 20 C.F.R. § 416.926a; 20 C.F.R. §§ 416.924a, .924b. In making this determination, the Commissioner considers test scores together with reports and observations of school personnel and others. 20 C.F.R. §§ 416.924a(a), 416.926a(e)(4)(ii). The ALJ also considers how much extra help the child needs, how independent he is, how he functions in school, and the effects of treatment, if any. 20 C.F.R. § 416.926a(b). In evaluating this type of information, the ALJ will consider how the child performs activities as compared to other children his age who do not have impairments. 20 C.F.R. § 416.926a(b). This information comes from examining and non-examining medical sources as well as "other sources," such as parents, teachers, case managers, therapists, and other non-medical sources who have regular contact with the child. *See, e.g.*, 20 C.F.R. § 416.913(c)(3), (d); Social Security Ruling (SSR) 98–1p, IV.B. (Sources of Evidence).

The domain of "attending and completing tasks" is concerned with a child's ability to focus and maintain attention and ability to see tasks to completion. SSR 09–4p. A typically functioning school-age child is expected to (1) focus attention in a variety of situations; (2) concentrate on details and avoid careless mistakes; (3) change activities without distracting others; (4) sustain attention sufficiently to

participate in group sports, read alone, or complete family chores; and (5) complete a transition task without extra reminders or supervision.  SSR 09–4p.

After reciting the relevant laws and CFR regulations, the ALJ's entire individualized discussion of the domain of attending and completing tasks is set forth as follows:

> The claimant has less than marked limitation in attending and completing tasks. The claimant's educational record indicated that the claimant had difficulty with focus and concentration but was able to perform well with medication and some accommodations in the general classroom setting.  In addition, the medical expert testified that the objective evidence supported a less than marked limitation in this domain.

Tr. 25.

First, the ALJ found that Plaintiff did not have a marked limitation in attending and completing tasks because he performed "well with medication and some general accommodations in the general classroom setting."  Tr. 25.  The record supports that Plaintiff's concentration improved with medication management.  Tr. 18;[3] Tr. 461 ("We've had a huge turn around since he started on the medication"); Tr. 672 ("He is markedly different in his ability to focus when

---

[3] The ALJ cited to over a hundred pages of records to support this proposition without citing any specific examples.  See Tr. 18 (citing Tr. 288-310; 330-37; 348-50; 585-652; 667-77).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

his medication has 'kicked in.' "). Defendant asserts that the evidence showing improvement with medication should result in affirmance of the ALJ's conclusion. ECF No. 17 at 10 (*citing Warre v. Comm'r of Soc. Sec. Admin.,* 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.")). However, the question is not whether Plaintiff's ADHD is itself a disabling limitation, but rather, whether the effects of Plaintiff's ADHD and all his other impairments, after medication-assisted improvement, result in a marked restriction in Plaintiff's ability to attend to and complete tasks.

As Plaintiff argues, there is substantial evidence in the record that indicates that Plaintiff struggled to attend to and complete tasks after his medication-assisted improvement.[4] ECF No. 21 at 7-12 (citing Tr. 469 (Activity level is impulsive; concentrations/attention is impaired); Tr. 490 ("[Plaintiff] appeared impulsive and easily distracted during session."); Tr. 302 ("Functions best when time and activities are highly structured."); Tr. 306 ("[Plaintiff] would frequently stand up from his chair and would look around the room … he often seemed distracted.

---

[4] Plaintiff began taking medication for ADHD in late 2011. Tr. 447. Each of the examples listed regarding Plaintiff's concentration is from the time period subsequent to Plaintiff beginning his medication regimen.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

[Plaintiff] would skip items on the stimulus page and had to be asked for an answer on those items. He would begin talking about other subjects or try to look at the next page in his subject response booklet."); Tr. 767 ("[E]asily distracted, has social difficulties with his peers, and has difficulty with unstructured activities."); Tr. 718-19 ("Child was distractible"; "Child's attention to task was limited"; "The following areas were noted as atypical and selected as areas of concern: Attention to Task, Executive Function and Perceptual Skills."); Tr. 672 (Plaintiff was rated as having "an obvious problem" on an hourly basis paying attention when spoken to directly, sustaining attention during play/sports activities; focusing long enough to finish assigned activity or task; refocusing to task when necessary.  This evaluation was made based on Plaintiff's behavior in a "small, quiet room in a one-on-one setting."); Tr. 680 (Plaintiff was rated as having "an obvious problem" on a daily basis paying attention when spoken to directly and refocusing to task when necessary; and "a serious problem" carrying out multistep instructions, changing from one activity to another without being disruptive, and working without distracting self or others.); Tr. 828 ("Required multiple frequent cues to stay on task and follow directions.");  Tr. 694 (Characterized Plaintiff as having "an obvious problem" on a daily basis sustaining attention during play/sports activities, and in carrying out multi-step instructions.); Tr. 395 (Rated Plaintiff as having "a very serious problem" focusing long enough to finish tasks, and "an obvious

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

problem" paying attention when spoken to directly and refocusing to task when necessary; "When working within writing, science, and spelling he is given many reminders to stay on task.")).

Of particular note is an opinion by Mr. Seagreaves afforded "significant weight" by the ALJ that Plaintiff had "a very serious problem" on an hourly basis focusing long enough to finish the assigned activity or task; "a serious problem" refocusing to task when necessary, carrying out single step instructions, carrying out multi-step instructions; and "an obvious problem" on an hourly basis sustaining attention when spoken to directly. Tr. 22; Tr. 386. He further commented that Plaintiff "needs constant attention to ensure he is engaged and attempting to learn and practice material." Tr. 387. The ALJ noted that Mr. Seagreave's opinion "is consistent in marking [Plaintiff's] greatest deficits in the areas of attending and completing tasks and interacting with others." Tr. 22.

The ALJ's conclusion is not supported by substantial evidence. Here, the ALJ did not identify any specific examples to support her finding, but instead generally cited to more than 100 pages of records. As aforementioned, there is evidence which the ALJ afforded "significant weight," to the contrary. Tr. 22; Tr. 386. Given the weight of the evidence to the contrary, the ALJ erred by failing to support her finding and failing to address the substantial evidence to the contrary. *Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014) ("While ALJs obviously

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

must rely on examples to show why they do not believe that a claimant is credible, the data points they choose must *in fact* constitute examples of a broader development to satisfy the applicable 'clear and convincing' standard.").

Second, the ALJ relied on the opinion of testifying medical expert Margaret Moore, Ph.D. that Plaintiff had a less than marked limitation in attending and completing tasks. Tr. 25. Plaintiff challenges the ALJ's reliance on Dr. Moore's testimony, finding it to be brief, conclusory, and potentially committing error as a matter of law. ECF No. 21 at 13-14. Dr. Moore does not enumerate any reasons for assessing a less than marked limitation as to attending and completing tasks, instead, she incorporates by reference "reasons I've already" [sentence incomplete in transcript]. Tr. 55. It is unclear what reasons Dr. Moore is referring to. Her next comment was "I believe I said that at the last hearing." Tr. 55. As aforementioned, Plaintiff had a prior hearing which was not recorded due to technical difficulties; that hearing is inadmissible and unavailable for consideration by the ALJ or this Court. Tr. 12. Dr. Moore's ambiguous comments imply that she was incorporating by reference reasons stated at an unrecorded and inadmissible hearing for finding that Plaintiff did not have a marked impairment in attending and completing tasks. It was error for the ALJ to rely on Dr. Moore's opinion with regards to this limitation when the only reason Dr. Moore supplied

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

might have impermissibly incorporated inadmissible evidence, or, in the alternative, was so vague that the Court is unable to determine the basis for it.

The ALJ's error cannot be said to be harmless because the ALJ's reasoning for finding Plaintiff did not have a marked limitation in attending and completing tasks is undermined; a finding that Plaintiff did have a marked limitation would have required a finding that Plaintiff was disabled. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (Harmless error occurs when an error is inconsequential to the ultimate nondisability determination.). Given that there is a conflict in the evidence, remand is appropriate to allow the ALJ to determine, in the first instance, whether Plaintiff had a marked limitation in attending to and completing tasks. On remand, the ALJ should consider the significant evidence that even after medication-assisted improvements, Plaintiff still struggled with concentration and completing tasks. The ALJ should also reconsider the weight given to Dr. Moore's opinion, which may require taking additional testimony from Dr. Moore. In order for the ALJ to rely on Dr. Moore's opinion, her reasons for finding that Plaintiff does not have a marked limitation must be admissible evidence on the record.

**B. Step Two**

Next, Plaintiff challenges the ALJ's finding that post-traumatic stress disorder (PTSD) and Asperger's were not medically determinable severe

1  impairments. ECF No. 21 at 17-21. Given the Court's determination, *supra,* that
2  the ALJ's decision must be remanded, the Court will not fully address the ALJ's
3  finding at Step Two. However, the Court directs the ALJ to reconsider the Step
4  Two findings taking into consideration the following.

5  The ALJ discounted Dr. Kishel's diagnosis of PTSD and Asperger's, finding
6  that the diagnoses "were based exclusively on the speculative claims of claimant's
7  mother, not observed symptoms evidenced by the claimant himself." Tr. 15.
8  Contrary to the ALJ's assertion, Dr. Kishel's report indicated that she examined
9  Plaintiff personally. Tr. 551-58. In fact, her report is replete with references to her
10 examination of Plaintiff. *See* Tr. 551-58 ("[Plaintiff] reported" "According to
11 [Plaintiff]" "[Plaintiff] said"). While Dr. Kishel's report did indicate that some
12 information in the report was received from Plaintiff's mother, it does not support
13 the conclusion that her diagnosis was based solely on information from Plaintiff's
14 mother. *Id.*

15 In making her evaluation of Plaintiff's severe impairments, the ALJ did not
16 address Dr. Postovoit and Dr. Gilbert's opinions. *See* Tr. 15-16. The ALJ
17 assigned both opinions "significant weight." Tr. 21. Both Dr. Postovoit and Dr.
18 Gilbert diagnosed Plaintiff with autistic disorders and anxiety disorders. Tr. 125,
19 135. In considering Plaintiff's severe impairments, the ALJ should address these
20 diagnoses.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

1    The Court notes that the ALJ provided several reasons for finding that PTSD
2 was not a severe impairment, Tr. 15, however, the ALJ's assertion that Plaintiff
3 "has not received any treatment for this alleged impairment" appears to lack a
4 credible basis in fact. Tr. 15.  Contrary to the ALJ's assertion, Plaintiff was
5 recommended to undergo Trauma Focused Cognitive Behavior Therapy. Tr. 476.
6 Plaintiff underwent such therapy for approximately a year. Tr. 457-500.

7    **C. Credibility Determination**

8    Finally, Plaintiff faults the ALJ for discounting Plaintiff's mother's lay
9 testimony.  ECF No. 21 at 21-27.
10   In determining whether a child is disabled, the SSA will accept a parent's
11 statement of a child's symptoms if the child is unable to adequately describe them.
12 20 C.F.R. § 416.928(a).  Plaintiff argues that the ALJ must therefore provide clear
13 and convincing reasons to discount Plaintiff's mother's testimony regarding
14 Plaintiff's symptoms.  ECF No. 21 at 21.  Defendants concur. ECF No. 17 at 15.
15   An ALJ engages in a two-step analysis to determine whether a claimant's
16 testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must
17 determine whether there is objective medical evidence of an underlying
18 impairment which could reasonably be expected to produce the pain or other
19 symptom alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).
20 "The claimant is not required to show that her impairment could reasonably be

expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In making an adverse credibility determination, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from

physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

Given the Court's determination that the ALJ's decision must be remanded, the Court will not take up the issue of Plaintiff's credibility determination. The Court notes that much of the ALJ's assessment of Plaintiff's mother's credibility is related to the medical evidence. On remand, the ALJ may need to reconsider Plaintiff's mother's credibility as it relates to the medical evidence.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); s*ee also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 18

record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. As discussed *supra*, there are conflicts in the medical evidence such that further review by the ALJ is required. Further proceedings are necessary for the ALJ to properly consider the medical opinions, assess credibility, and determine if Plaintiff has an impairment or combination of impairments that functionally equals the severity of the listing requirements.

## CONCLUSION

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 21) is **GRANTED in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).
2. Defendant's Motion for Summary Judgment (ECF No. 17) is **DENIED.**
3. Plaintiff's Motion for Summary Judgment (ECF No. 15) **is DENIED AS MOOT**.

1     The District Court Executive is directed to file this Order, enter

2 **JUDGMENT FOR THE PLAINTIFF**, provide copies to counsel, and **CLOSE**

3 THE FILE.

4     DATED this 24th day of July, 2017.

5                                  *s/Mary K. Dimke*
                                  MARY K. DIMKE
6                        UNITED STATES MAGISTRATE JUDGE